# Agnew, Appellant, *v.* Stroud.

*Trespass—Disputed boundaries—Cutting of timber—Destruction of fence—Adverse possession—Evidence—Case for jury.*

1. In an action of trespass to recover damages for the cutting of timber trees, and the destruction of a fence, the case is for the jury, and a verdict and judgment for defendant will be sustained where the evidence as to the location of a particular line claimed to be a boundary line, is conflicting, and the evidence is also conflicting as to a claim by adverse possession of the plaintiff for more than twenty-one years.

2. In a dispute over boundaries the distances in a deed must give way to the marks on the ground.

Argued March 7, 1910.   Appeal No. 15, March T., 1910, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1903, No. 731, on verdict for defendant in case of Harper W. Agnew v. Frank L. Stroud.   Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for the cutting of timber trees and the destruction of a fence.   Before FERRIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were refusal of binding instructions and the instructions quoted in the opinion of the Superior Court.

*Quincy A. Gates,* for appellant.

*M. J. Mulhall,* for appellee.

OPINION BY BEAVER, J., March 3, 1911.

The plaintiff and defendant are owners of separate parts of what was an original survey in the warrantee

name of George Bump, surveyed August 26, 1795. This survey was sold for taxes and purchased by Jonah Rogers. Both of the parties through several mesne conveyances claimed under Rogers. The survey was returned as containing 450 acres and 133 perches and allowance. The return of survey calls for a white oak at the southwest corner and a pine at the southeast corner of the tract. Both of the northern corners call for a post and there do not seem to have been any lines run from the corners on the south. It is one of nineteen tracts surveyed at the same time, the interior lines of which do not seem to have been run at the time the survey was made. It is claimed by the surveyors of a later day that the George Bump survey is in width narrower and in length shorter than the return shows.

The action in the court below was in trespass for cutting and removing certain trees, and in removing a wire fence upon and over land which is claimed by the plaintiff. The entire tract of land is over 400 perches in length. About 126 rods from its southern boundary a public road crosses the entire width of the tract. It is very clear from the testimony of both sides that the trespass, if any was committed, was upon that portion of the tract lying south of the public road, and the declaration of the plaintiff is, in part, that the defendant "then and there tore down, removed and destroyed the wire fence of the plaintiff then and there standing and being upon the line between the plaintiff and the defendant, to the length of one hundred and twenty-five rods, of the value of one hundred dollars," etc. There is no allegation in the plaintiff's statement of claim, nor is there any evidence whatever that any act of trespass was complained of or shown to have been committed north of this public road. It is not shown that the plaintiff or defendant had cleared any of the land south of the road. Although the timber had been removed from it for the most part, it was still in forest and after the removal of the wire fence by the defendant, which

he admits and of which the plaintiff complains, there was no division line maintained by either, nor was it used except possibly for pasturage.

The true division line separating the parts of the original survey claimed by each respectively was the main question in dispute, the plaintiff claiming that it was what was known as the Colt line and the defendant that it was what was known as the Lord line, these lines being named for the several surveyors who originally ran them, and which were about ten rods apart. The Lord line was the older of the two and was the one to which the defendant claimed. Surveyors upon both sides were equally positive that each of these lines was the correct one dividing the Bump survey, although neither side seems to have located, with any degree of certainty, the east line of the survey. The pine at the southeast corner, as we understand it, not having been found, and a post being called for at the northeast corner, it was probably impossible to locate this line with any degree of certainty. Whether or not the Lord line, which was the older of the two, was the proper line to divide the tract, or the Colt line, was the principal point in controversy. This depended entirely upon the testimony of the surveyors of the several sides respectively and was, of course, a question for the jury.

The plaintiff introduced certain evidence as to clearings north of the public road. He was allowed to show that such clearings did exist which had been made by the plaintiff, or those under whom he claimed, more than twenty-one years prior to the date of the suit. If such clearings were made and extended to the Colt line and were duly inclosed, they were evidence, if the possession thereunder was actual, open, hostile, exclusive and notorious, as well as continuous and peaceable, not only of title to what was so inclosed, but that the Colt line was the true dividing line of the tract running throughout its entire length, and, if the jury had been satisfied of this latter fact by the evidence, the land upon which the

alleged trespass was committed would have belonged to the plaintiff and not to the defendant.

It was denied by the defendant that he had cut any of the timber upon the disputed locality subsequently to the time of the purchase of his tract of land by the plaintiff. If this were true, the plaintiff, of course, was not entitled to recover. The defendant having admitted that he directed his men and assisted them in removing the wires which constituted the fence which had been erected by the plaintiff, the jury must have found, as their verdict was for the defendant, that the Lord line was the true line of division between the farms of the plaintiff and the defendant.

The plaintiff endeavored in the court below, and endeavors here, to maintain the proposition that the clearing above the road, which he claims was to the Colt line, having been occupied by him adversely and continuously more than twenty-one years prior to the suit, he, therefore, acquired title by such possession thereto, and that this carries with it the title to the land south of the road which was not cleared and as to which there was no evidence of a possession which had scarcely any of the elements necessary to acquire such a title. As to whether or not the plaintiff acquired title by adverse possession by the clearing north of the road was also a question for the jury, because it was stoutly denied by the defendant that such title had been acquired, or indeed that the clearing had been made to the Colt line.

It is not intended to imply by what has been said in reference to the road which was not laid out and opened until after both the Lord and Colt lines had been run, as the division lines of the Bump tract, that it has any practical effect in any way in determining the question involved. It is simply a convenient geographical boundary in separating the place where the clearing was made and that where the alleged trespass was committed.

In view of what has been said, it is very clear that the court could not have directed a verdict for the plaintiff,

nor upon motion therefor could it have granted judgment for the plaintiff non obstante veredicto. The first, second, fourth, sixth and seventh assignments of error are therefore overruled.

The third assignment relates to the refusal of the court to confirm the plaintiff's third point, which was: "If the jury believe the defendant cut timber upon the land in dispute and removed timber and converted it to his own use since the 29th of March, 1901, the plaintiff is entitled to recover a verdict for three times the value of said timber, in addition to the damages the plaintiff has sustained by reason of the removal of the fence by the defendant." The court gave proper instructions as to the measure of damages, but it could not, of course, affirm the point as put, unless the jury found also that the defendant cut the timber upon the land of the plaintiff, and the point was, for that reason, very properly refused.

The appellant also assigns the affirmation of the fifth point of defendant for error, which was: "The distances in the deed must give way to the marks on the ground; and, if the jury believe that the line claimed by Stroud constitutes the true division line in this case between his lands and lands of the plaintiff, their verdict must be for the defendant." This was, it seems to us, entirely correct as a general proposition, and clearly so in view of the evidence.

The case was well tried, the charge of the court was full, clear and explicit. It does not seem to us that any point in the case was overlooked, and there is no good ground, as we view it, for the allegation in the plaintiff's seventh assignment that: "The charge of the court was confusing and misleading in not specifically directing the attention of the jury to the real point in issue." The real question was very properly left to the jury, and, if more was submitted to them than was properly in the case, it was in the appellant's interest, namely, as to the plaintiff acquiring title by adverse possession to any of the land north of the road, and, although the appellant complains of the manner

in which this was done, it seems to us that it covered the question clearly and very fully.

There is no just ground, as we view it, for any of the assignments of error, and they are all overruled.

Judgment affirmed.